AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICARDO MONTANO-ARELLANO | Case No. 18CR5430-JLS<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)<br><br>(COMPASSIONATE RELEASE) |

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 39), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS HEREBY ORDERED that the motion is DENIED after complete review of the motion on the merits.

FACTORS CONSIDERED:

The Court is not persuaded that Defendant's current medical condition presents an extraordinary and compelling basis for relief under Section 3582(c)(1)(A)(i). Although some courts have recognized that latent tuberculosis combined with the risk presented by the COVID-19 virus in an institutional setting is sufficient to warrant relief under Section 3582(c)(1)(A)(i),[1] it appears that the majority of courts considering the issue have determined that latent tuberculosis is not a condition warranting compassionate release despite the threat of the COVID-19 virus.[2] In

---

[1] *See e.g., United States v. Watkins*, No. 15-20333, 2020 WL 4016097, at *4 (E.D. Mich. July 16, 2020).
[2] *See e.g., United States v. Marquez,* No. 1:13-cr-00431-01 WBS, 2021 WL 427287, at *1 (E.D. Cal., Feb. 8, 2021); *United States v. Altashy,* Crim No. CCB-17-182, 2021 WL 409743, at *3 (D. Md., Feb. 5, 2021); *United States v. Kassner,*, No. 2:17-CR-0208-TOR-2, 2021 WL 197292, at *2 (E.D. Wash., Jan. 20, 2021); *United States v. Carter,* No. 11-CR-131-F-1, 2020 WL 7768422, at *7 (D. Wyo. Dec. 30, 2020).

this case, it appears that Defendant's medical conditions are being properly addressed by prison medical officials. Defendant, who is 23 years old, appears to be healthy with no active health concerns other than possibly a rash that was treated with medication in November 2020. ECF No. 51 at 15.  His chronic conditions appear to be well-managed.  Medical records indicate that Defendant received prophylactic treatment for tuberculosis, which was completed in November 2019.  *Id.* at 79.  An annual review of Defendant's TB status in April 2020 indicates that the condition was "cleared", and normal chest x-ray results were subsequently obtained. *Id.* at 114 and 13.  Although Defendant also has a history of tachycardia, no episodes related to this condition are documented in his medical records.  Furthermore, Defendant has not demonstrated that this condition places him at any increased risk of severe consequences from COVID-19.  Indeed, neither latent tuberculosis nor tachycardia are conditions identified by the CDC as increasing or potentially increasing the risk of severe illness from COVID-19.[3]

      The Court has considered Defendant's position that the Court should also take into account the fact that Defendant would likely have received a sentence reduction due to the ongoing COVID-19 judicial emergency were he sentenced today.  Although this may be true, this circumstance is common to every defendant sentenced prior to the onset of the judicial emergency and thus does not constitute an "extraordinary" basis for relief.  The Court has considered the combination of factors presented by Defendant and concludes that relief is not warranted.

/ / /

/ / /

---

[3]    Centers for Disease Control and Prevention, COVID-19, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F (last accessed February 10, 2021).

2

Accordingly, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

Dated: February 12, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge